## Case No. 6,935.

### HURST v. KER.

[1 Wash. C. C. 189.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1804.

#### EJECTMENT—NON PROS.

After the defendant in ejectment has appeared, and entered into the common rule, he may take a rule on the plaintiff for trial, or non pros; although the declaration has not been changed, so as to make it against the real defendant. This is the neglect of the plaintiff, and he cannot take advantage of it.

This ejectment, and many others, were returned to April term, 1803, and were then put to issue, the defendants agreeing to enter into the common rule. The suits, however, were not set down on the docket, for trial at the last term, or at this, and the change in the declarations were not made, so as to make them against the real defendants, until a few days ago, under a rule made this term.

Mr. Ingersoll now moved for an order, that these suits should be tried at next term, or that non pros should be entered, and notice given at bar; and he relied on the laws of this state; that if the plaintiff, after the cause is at issue, do not try, he shall be non prossed, if notice in court was given at the preceding term. Read, Dig. 66. He stated, that though the new declarations were not filed until this term, yet it was mere form, and cited the case of Lessee of Cherry v. Aikens [unreported], where it was decided in the supreme court of errors and appeals, that if the parties go on upon the old declaration, to verdict and judgment, it is not error. He also cited [Duffield v. Stille] 2 Dall. [2 U. S.] 156.

Mr. Levy insisted, that the causes were not at issue, until after the new declarations were filed; which being after this term commenced, they could not have been tried.

WASHINGTON, Circuit Justice, observed to Mr. Levy, that he had no doubt, from the beginning, that the causes were to be considered as being at issue, before the new declarations were filed; that is, at the time the pleas were put in; and that the altering the declarations, to introduce the name of the real defendant, was a mere matter of form. But the difficulty with him was, whether the defendant might not evade the effect of the order, by agreeing to try; and yet most cer-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

tainly, the causes could not be tried at this term, as no venire had, or could issue.

Mr. Rawle, in answer to this difficulty— By the practice of this state, no person but the plaintiff can set down the case for trial, unless he is compelled by a proviso rule; so that he pleads his own negligence, to prevent the rule from being made.

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

WASHINGTON, Circuit Justice. I am satisfied with this answer. I did not know that such was the practice here. I was misled by the Virginia practice, where it is the clerk's duty to put down the causes on the trial docket, as soon as they are at issue. But if only the plaintiff can do this, unless hastened by a proviso rule, we ought surely to grant it. Rule granted.